UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHENG K. SHI,

<table>
<tr><td>                   Plaintiff,</td><td>**AMENDED COMPLAINT**</td></tr>
<tr><td>          -against-</td><td>**JURY TRIAL DEMANDED**</td></tr>
<tr><td></td><td>Case No.1:15-CV-6048</td></tr>
</table>

THE CITY OF NEW YORK, THE CITY OF NEW YORK
POLICE DEPARTMENT, P.O. VINCENT DORAN
(Tax Reg. # 948909), P.O. JOAN HIDALGO
(Tax Reg. # 950587) and OTHERS UNKNOWN
(referred to as "JOHN DOE"),

                        Defendants.
-----------------------------------------------------------x

The Plaintiff, CHENG K. SHI, by and through his Attorneys, Addabbo & Greenberg by Todd D. Greenberg, Esq., as and for his Complaint against the Defendants, jointly and severally respectfully alleges, upon Information and belief, as follows:

### PRELIMINARY STATEMENT

1.      The Plaintiff CHENG K. SHI, brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §1981, 1983 and 42 U.S.C. §1985(3); §1988 for violations  of his civil rights, as said rights are secured by said Statutes and the Constitutions of the State of New  York and the United States. Plaintiff also asserts Supplemental State Law claim.

2.      The Plaintiff, CHENG K. SHI, brings this action for the violation of his civil rights by the Defendants. The violations of his civil rights include but are not limited to, violation of his civil rights by the Defendants being assaulted and/or battered; conspiracy to violate his civil rights as prohibited by 42 U.S.C. §1985(3); and other wrongful acts by

1

THE CITY OF NEW YORK POLICE DEPARTMENT, P.O. VINCENT DORAN, individually and in his capacity as a member of the City of New York Police Department; P.O. JOAN HIDALGO, individually and in her capacity as a member of the City of New York Police Department, and OTHERS UNKNOWN, referred to as "JOHN DOE" (fictitious name whose actual names are presently unknown), individually and in their capacity as a member of the City of New York Police Department, (collectively the 'Defendants").

3.     As a result of the Defendants above acts Plaintiff CHENG K. SHI  suffered serious physical injury suffered severe emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, and personal injuries all due to the unreasonable and/or bad faith and/or negligence and/or reckless and/or malicious actions of these Defendants.

4.     As a result of the Defendants above acts Plaintiff CHENG K. SHI  suffered serious physical injury including but not limited to, head injury requiring surgery to remove subdural hematoma.

5.     Plaintiff CHENG K. SHI  seeks monetary, compensatory damages, economic damages, punitive and/or exemplary damages, attorneys' fees, costs, disbursements and other appropriate relief as warranted by Defendants' willful unlawful acts.

## JURISDICTION

6.     Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331, 1343(a) (1), (2), (3) and (4), this being an action seeking redress and to recover damages for violations of the Plaintiffs' constitutional and civil rights. This Court has jurisdiction over the remaining causes of action pursuant to the doctrine of pendant jurisdiction.

## VENUE

7.     Venue is properly laid in the Eastern District of New York under 28 U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

8.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

9.     At all times herein mentioned, Plaintiff CHENG K. SHI, was and still is a resident of the County of Queens, State of New York.

10.     Upon information and belief, Defendant the CITY OF NEW YORK, hereinafter referred to as "CITY", was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

11.     Upon information and belief, Defendant the NEW YORK CITY POLICE DEPARTMENT, hereinafter referred to as "NYPD". It was and still is a functioning branch of the Defendant "CITY", and was duly organized to exercise the police powers of said Defendant "CITY".

12.     Upon information and belief, Defendant P.O. VINCENT DORAN, hereinafter referred to as "P.O. DORAN", at all times relevant herein, was and still is an employee of "NYPD", as a member of the New York City Police Department. "P.O. DORAN" is sued individually and in his official capacity.

13.     That at all times herein mentioned, the Defendant "P.O. DORAN" acted in the course of employment with permission and authority of Defendant "NYPD", and was at all times acting as an agent of Defendant "NYPD" and Defendant "CITY", and was acting under the supervision of said "NYPD" and according to its official duties.

14.     Upon information and belief, Defendant P.O. JOAN HIDALGO, hereinafter referred to as "P.O. HIDALGO", at all times relevant herein, was and still is an employee of "NYPD", as a member of the New York City Police Department. "P.O. HIDALGO" is sued individually and in her official capacity.

15.     That at all times herein mentioned, the Defendant "P.O. HIDALGO" acted in the course of employment with permission and authority of Defendant "NYPD", and was at all times acting as an agent of Defendant "NYPD" and Defendant "CITY", and was acting under the supervision of said "NYPD" and according to its official duties.

16.     Upon information and belief, Defendant OTHERS UNKOWN "JOHN DOE", hereinafter referred to as "P.O's. JOHN DOE", at all times relevant herein, were and still are employees of "NYPD", as a member of the New York City Police Department. "P.O's JOHN DOE" is sued individually and in their official capacity.

17.     That at all times herein mentioned, the Defendant "P.O. JOHN DOE" acted in the course of employment with permission and authority of Defendant "NYPD", and was at all times acting as an agent of Defendant "NYPD" and Defendant "CITY", and was acting under the supervision of said "NYPD" and according to its official duties.

### STATEMENTS OF FACTS

18.     On or about March 2nd, 2015 the Plaintiff CHENG K. SHI was home inside of

4

143-07 21st Road, in the County of Queens, New York, when he was arrested by Defendants "P.O. DORAN" , "P.O. HIDALGO" and "P.O's JOHN DOE" regarding an alleged domestic violence incident.

19.     Upon information and belief, that prior to the arrest, and in the process of the arrest and after the arrest, Defendant "P.O. DORAN", "P.O. HIDALGO" and "P.O's JOHN DOE", acting as agents for Defendants "CITY" and "NYPD", used excessive force on the body of the Plaintiff, physically struck and beat the Plaintiff, and caused damage and injury to the Plaintiff.

20.     The injuries sustained by the Plaintiff CHENG K. SHI included, but are not limited to, head injury requiring surgery to remove a subdural hematoma.

21.     That the abuse of the Plaintiff CHENG K. SHI was participated in by each of the individual Defendants in that each of them either personally subjected him to excessive force or for the purpose of furthering this harming of the plaintiff, stood by while he was being beaten and made no attempt to prevent or stop the abuse or to protect the Plaintiff CHENG K. SHI from injury.

22.     As a result of these injuries, the Plaintiff CHENG K. SHI sustained monetary losses and loss of work and permanent injuries for which he still not recovered.

23.     That at all times herein mentioned the aforementioned Defendants, either personally or through their employees, were acting under Color of State Law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the City of New York.

5

24.     Each and all the acts of the City Defendants alleged herein were done by said Defendants while acting within the scope of their employment by Defendant City of New York.

25.     Each and all the acts of the City Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by Defendant City of New York.

26.     The City Defendants are sued in their individual and official capacities.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS SECURED BY 42 U.S.C. §1983

27.     The Plaintiff CHENG K. SHI repeats and realleges the allegations set forth in paragraphs "1" through "26" as if the same are more fully set forth herein.

28.     That all of the aforementioned acts of the Defendants, their agents, servants and employee were carried out under the color of state law.

29.     That at all times relevant herein, the conduct of the all Defendants were subject to the provisions of 42 U.S.C. §§1983, 1985, 1986 and 1988.

30.     The conduct of the Defendants deprived Plaintiff CHENG K. SHI of the right of the plaintiff to be free from excessive police conduct and/or force secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

31.     All of the aforementioned acts deprived Plaintiff CHENG K. SHI of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendment of the Constitution of the United States, and in violation of U.S.C. §1983.

32.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and/or while acting as agents of the City of New York, with the entire actual and/or apparent authority attendant thereto, and were excessive and unreasonable.

33.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and in the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers to said department.

34.    Defendants, collectively and individually, while acting under the color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.    As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs and/or usages complained of herein, the Plaintiff CHENG K. SHI suffered injuries and damages including, but not limited to, serious physical injury, severe emotional trauma, public humiliation, embarrassment, anxiety, loss of sleep, and related effects and ailments, permanent and/or temporary damage to his reputation.

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CHENG K. SHI
### AS AGAINST DEFENDANTS "CITY" AND "NYPD"

36.    The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "35" as if the same are more fully set forth herein.

37. Defendants "CITY" and "NYPD" failure to train, supervise, and discipline its agents and police officers amounts to deliberate indifference to the rights of arrested persons, such as the Plaintiff CHENG K. SHI, with whom the New York City Police Department comes into contact.

38. Said Defendants failed to train, supervise, and discipline its police officers, including the individually named defendants herein, Defendant "PO DORAN", "P.O. HIDALGO" and Defendant "P.O's JOHN DOE" so as to prevent the unlawful use of physical force upon the Plaintiff CHENG K. SHI, and in how to protect from injury a person in custody.

39. The deficiency in the training, supervision, and disciplining of defendants police officers, including the individually named defendant herein Defendant "PO DORAN", "P.O. HIDALGO" and the "P.O's JOHN DOE" defendant, was an actual cause of the constitutional deprivations and injuries suffered by the Plaintiff CHENG K. SHI.

40. That as a direct result of the negligence and or intentional acts of these Defendants, the Plaintiff CHENG K. SHI was subjected to the injuries as set forth above and for which the Plaintiff demands damages in an amount that exceeds the minimal jurisdictional limit of this court.

## PENDANT STATE LAW CLAIMS

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CHENG K. SHI FOR ASSAULT
### UNDER THE LAWS OF THE STATE OF NEW YORK

41.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "40" as if the same are more fully set forth herein.

42.     Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

43.     That more than thirty (30) days have since elapsed since presentation of said claim and defendant "CITY" has not adjusted same and has failed and neglected to many any payment of such claim and cause of action.

44.     That this action has been commenced within one year and ninety (90) days after the cause of action herein first arose.

45.     Plaintiff CHENG K. SHI has complied with all conditions precedent to maintaining the instant action.

46.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

47.     That the aforementioned actions by the Defendants were an assault against him.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CHENG K. SHI FOR BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK

48.     The Plaintiffs repeat and reallege the allegations set forth in paragraphs "1" through "47" as if the same are more fully set forth herein.

49.     Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim  setting forth all facts and information required under the General Municipal Law 50-e.

50.     That more than thirty (30) days have since elapsed since presentation of said claim and defendant "CITY" has not adjusted same and has failed and neglected to many any payment of such claim and cause of action.

51.     That this action has been commenced within one year and ninety (90) days after the cause of action herein first arose.

52.     Plaintiff CHENG K. SHI has complied with all conditions precedent to maintaining the instant action.

53.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

54.     That the aforementioned actions by the Defendants were a battery against him.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF CHENG K. SHI FOR NEGLIGENCE
### AGAINST THE DEFENDANTS

55.     That the Plaintiff, CHENG K. SHI, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbers "1" through "54", all inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

56.     The Defendants owed a duty of care to the Plaintiff CHENG K. SHI, who was in their custody.

57.     While Plaintiff's movant were restricted by handcuffs, Defendants allowed Plaintiff to fall and strike his head, causing these serious injuries complained of.

**AS AND FOR A SIXTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CHENG K. SHI FOR
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
UNDER THE LAWS OF THE STATE OF NEW YORK**

58.     That the Plaintiff, CHENG K. SHI, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbers "1" through "57", all inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

59.     The aforementioned conduct perpetrated by each of the Defendants herein was extreme, outrageous, and exceeded all reasonable bounds of decency.

60.     The aforementioned conduct was committed by City Defendants while acting within scope of their employment by Defendant City of New York.

61.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff CHENG K. SHI.

**AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF CHENG K. SHI
FOR NEGLIGENCE SCREENING, HIRING AND RETENTION
UNDER THE LAWS OF THE STATE OF NEW YORK**

62.     That the Plaintiff, CHENG K. SHI, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbers "1" through "61", all inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

63.     Upon information and belief, the Defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid Defendants who conducted and participated in the arrest of Plaintiff CHENG K. SHI.

64.     The Defendant The City of New York knew, or should of known in the exercise of reasonable care, the propensities of the individual Defendants to engage in the wrongful conduct here alleged in this complaint.

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHENG K. SHI FOR NEGLIGENCE TRAINING AND SUPERVISION UNDER THE LAWS OF THE STATE OF NEW YORK

65.     That the Plaintiff, CHENG K. SHI, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbers "1" through "64", all inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

66.     Upon information and belief the Defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid Defendants who conducted and participated in the arrest of Plaintiff CHENG K. SHI.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF CHENG K. SHI

67.     That the Plaintiff, CHENG K. SHI, repeats, reiterates and realleges each and every allegation of the Complaint in paragraphs numbers "1" through "66", all inclusive, with the same force and effect as though said allegations were herein fully set forth at length.

68.     The Defendant City of New York is vicariously liable for the acts of its employees and agents, including its officers, who were on duty and acting in the scope

of their employment, when they engaged in the wrongful conduct described herein against the Plaintiff CHENG K. SHI.

**WHEREFORE**, Plaintiff CHENG K. SHI demands judgment against all defendants, jointly and severally, as follows:

1) On the First Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court and punitive damages;

2) On the Second Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court and punitive damages;

3) On the Third Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

4) On the Fourth Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

5) On the Fifth Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

6) On the Sixth Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

7) On the Seventh Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

8) On the Eighth Cause of Action, compensatory and punitive damages in the amount in excess of the minimal jurisdictional limit of this court; and

9) On the Ninth Cause of Action, compensatory and punitive damages in the

13

amount in excess of the minimal jurisdictional limit of this court.

An Order pursuant to 42 U.S.C. §1988, that the Plaintiff CHENG K. SHI is entitled to the costs incurred in maintaining this action and attorneys' fees;

Together with interest, costs, attorney's fees, disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: Forest Hills, New York
     March 31, 2016

                              Yours, etc.

                              ADDABBO & GREENBERG

                              _____
                              Todd D. Greenberg, Esq.
                              Attorneys for Plaintiff
                              CHENG K. SHI
                              118-21 Queens Boulevard
                              Forest Hills, NY 11375
                              Tel. No. (718) 268-0400